**Shawn TOMLIN, Appellant**

v.

**Randall E. BRITTON, et al.; The District Attorney of the County of Philadelphia; the Attorney General of the State of Pennsylvania.**

No. 10–2086.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 19, 2011.

Opinion filed: Oct. 14, 2011.

---

Elayne C. Bryn, Esq., Philadelphia, PA, for Appellant.

Ryan Dunlavey, Esq., Office of the District Attorney, Philadelphia, PA, for Appellee.

Before: AMBRO, CHAGARES, and ROTH, Circuit Judges.

## OPINION

AMBRO, Circuit Judge.

Shawn Tomlin appeals the dismissal of his petition for a writ of *habeas corpus*. The District Court dismissed Tomlin's petition as untimely but granted him a certificate of appealability ("COA") on whether he was entitled to equitable tolling. The

Court reasoned that, while Tomlin had filed his *habeas* petition "much too late," he nonetheless had a "substantial argument" that the delay was subject to equitable tolling. The Court also concluded that there was "significant evidence" that Tomlin did not have a "constitutionally fair trial" when a Philadelphia jury convicted him of murder. Among other constitutional errors, says the Court, was the trial judge's refusal to read back (at the jury's request) eyewitness testimony describing a perpetrator with physical characteristics different than those of Tomlin.

Because the District Court erred in granting the COA, we dismiss Tomlin's appeal for lack of jurisdiction.[1]

## I.

As we write solely for the parties, we recite only those facts necessary for our decision. Courtney Gibson was shot and killed in front of his home after an argument over drug-dealing territory had erupted. An eyewitness, Charles Stover, testified for the Commonwealth and identified Tomlin as one of three shooters. Another eyewitness, Winifred Gaines, testified that she saw a large man standing in the street, with his back turned to her, fire a gun several times toward Gibson's house. She testified that Tomlin was not as big as the man she saw. The jury requested during its deliberations that Gaines's testimony be re-read, but the trial judge denied the request.

The jury found Tomlin guilty of third-degree murder, conspiracy, carrying a firearm without a license, and possession of an instrument of a crime. Tomlin was sentenced to 26 to 52 years in prison.

The Pennsylvania Superior Court affirmed Tomlin's conviction on October 28,

2002. Tomlin did not seek discretionary review in the Supreme Court of Pennsylvania, making his conviction final on November 27, 2002.

Almost a year later, on October 28, 2003, Tomlin filed a petition pursuant to Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. The PCRA court dismissed the petition as "without merit" on March 24, 2005. On appeal to the Superior Court, Tomlin argued, among other things, that his prior counsel rendered ineffective assistance for failing to raise and preserve the issue of the trial court's refusal to allow a read-back of Gaines's testimony at the jury's request. The Superior Court disagreed and affirmed the dismissal of Tomlin's petition on November 30, 2007.

Almost a year later, on November 10, 2008, Tomlin filed a petition for leave to file an out of time petition for allowance of appeal. The Pennsylvania Supreme Court denied his petition on January 29, 2009.

Tomlin then filed a petition for federal *habeas* review on February 26, 2009. Magistrate Judge M. Faith Angell filed a report and recommendation ("R & R") in which she concluded that Tomlin's petition should be dismissed as time-barred, and that no COA be issued. Tomlin objected and argued, for the first time, that he was entitled to equitable tolling. The District Court approved and adopted the R & R as to the time-bar recommendation, but indicated there was probable cause to issue a COA.

The Commonwealth moved for reconsideration of the grant of the COA, noting that the Court had not identified what constitutional claims warranted further review. The Court denied the motion.

---

1. The District Court had jurisdiction under 28 U.S.C. § 2254, and we would have jurisdiction under 28 U.S.C. §§ 1291 and 2253 if the District Court had issued a valid COA.

Tomlin now appeals the District Court's dismissal of his petition.[2]

## II.

The issuance of a valid COA is a "jurisdictional prerequisite" to our entertaining an appeal from a district court's dismissal of a *habeas* petition. *Miller–El v. Cockrell*, 537 U.S. 322, 335–36, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a "circuit justice or judge" may issue a COA only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). By enacting § 2253(c), "Congress confirmed the necessity and the requirement of differential treatment for those appeals deserving of attention from those that plainly do not." *Miller–El*, 537 U.S. at 337, 123 S.Ct. 1029. As a result, when a district court denies a *habeas* petition on procedural grounds without reaching the petitioner's underlying constitutional claims, as the District Court did here, a petitioner must make two showings to obtain a valid COA: (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).[3] By requiring the petitioner to make a showing of the denial of a constitutional right before the issuance of a COA, the *Slack* test spares us from having to decide thorny procedural issues relating to petitions with underlying claims showing no promise of merit. So, perhaps somewhat counterintuitively, we must first decide whether Tomlin has made a substantial showing that he was denied a constitutional right before we can decide whether his *habeas* petition is subject to equitable tolling, which would entitle him to full and further consideration of his constitutional claims.

■ Upon consideration of Tomlin's constitutional claims, it appears that the District Court's grant of a COA was based on a misreading of his *habeas* petition. Tomlin claims that his *appellate* counsel rendered ineffective assistance by failing to challenge on direct appeal the trial court's refusal to read back Gaines's testimony. Tomlin does not contend that his *trial* counsel erred or that the trial court's ruling itself violated his constitutional rights. In fact, the record clearly demonstrates that Tomlin's trial counsel did in fact object to the trial court's denial of the jury's request.[4] Nevertheless, the District

---

2. We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings. *Lambert v. Blackwell*, 134 F.3d 506, 512 (3d Cir.1997).

3. The Supreme Court has not explicitly decided whether 28 U.S.C. § 2254(d)'s deferential standard of review applies to a preliminary evaluation of a petitioner's request for a COA. Under one of two possible interpretations, a *habeas* petitioner may obtain a COA if reasonable jurists could debate whether the petitioner's constitutional rights had been violated. Under the other approach, a COA may be granted only if reasonable jurists could debate whether the petitioner might be eligible for

*habeas* relief, *i.e.*, in a case governed by § 2254(d), whether the state court's decision on the merits of the petitioner's constitutional claim was unreasonable or ran contrary to clearly established federal law. We decline to decide this issue because, even under the first possibility, Tomlin has failed to make the necessary showing.

4. Daniel Greene (Tomlin's appointed trial counsel) had the following exchange with the trial court after the jury requested to hear Gaines's testimony:

Mr. Greene: The only objection that I would have is that if the jury wanted to hear once again the testimony and direct

Court granted a COA because it found that Tomlin's appointed trial counsel acquiesced "without protest or delay" in the trial court's refusal to read back Gaines's testimony—a refusal that contributed to Tomlin's "constitutionally inadequate" trial. Furthermore, the District Court cited no authority in support of the claim that the trial court's refusal violated Tomlin's constitutional rights. In fact, it did not even identify which of Tomlin's constitutional rights was supposedly violated.

As for the actual claim presented in Tomlin's *habeas* petition—that his appellate counsel was constitutionally ineffective—Tomlin has failed to make a substantial showing of the denial of a constitutional right. To prevail on an ineffective assistance of appellate counsel claim, he must show that his appellate counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that, if counsel had raised the error, his appeal would have turned out differently. *United States v. Cross*, 308 F.3d 308, 315 (3d Cir.2002). Tomlin has made no argument as to why his appellate counsel was unreasonable for failing to pursue the jury request issue. He has also failed to show how his appeal would have turned out differently had the issue been raised, because he does not even suggest why the trial court's denial of the jury's

request was an abuse of its discretion. He cites no legal authority at all. In sum, he has made no showing whatsoever, and certainly not a substantial showing, that his constitutional right to the effective assistance of appellate counsel was denied.[5]

Because Tomlin has failed to make the necessary showing, the COA issued by the District Court is invalid. We cannot reach the question of whether Tomlin's petition is entitled to equitable tolling because Tomlin has not made a substantial showing of the denial of a constitutional right. We therefore lack jurisdiction over this appeal. It is hereby dismissed.

---

and cross-examination of Winifred Gaines[,] I would ask that the Court instruct that the stenographer read back such testimony to the jury.
The Court: Okay. And that's denied.
. . .
Mr. Greene: Your Honor please, for the record, please note my exception on your denial of my request.
The Court: Yes, counsel. Your exception is noted.

5. Tomlin also seems to claim that the COA was valid because his appellate counsel failed to argue that the trial judge was biased. The

District Court first raised the issue of the trial judge's alleged bias *sua sponte* in its memorandum and order denying reconsideration. The grant of the COA cannot rest on this ground either. Tomlin did not raise this claim in his *habeas* petition and, therefore, he could not have (and did not) make a substantial showing to the District Court that it was the basis of a denial of his constitutional rights. In addition, the procedural default doctrine would clearly bar review of this claim, because Tomlin did not present it to the Pennsylvania Superior Court during his PCRA appeal. *See* 28 U.S.C. § 2254(b)(1)(A).